FILED
DEC 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER 1:06CV02269

JUDGE: Ellen Segal Huvelle

DECK TYPE: Pro se General Civil

DATE STAMP: 12 29 2006

JURY ACTION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Jane M. Falck and Steven P. Falck, )
1631 HASTINGS CIR. N.W. )
UNIONTOWN, OH. Plaintiffs, 44685 )   Case No.
330.699.9251 )
)
vs. )   **COMPLAINT**
)
INTERNAL REVENUE SERVICE, )
DEPARTMENT OF THE TREASURY, )
UNITED STATES aka, UNITED STATES )   JURY TRIAL DEMANDED
OF AMERICA, a Federal Corporation, )
)
Defendants. )
)

This is an action seeking the return of personal property unlawfully seized and taken by the Defendants and an action seeking declaratory and injunctive relief pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and the U.S. Constitution, as a result of violations of Plaintiffs' constitutional rights arising under the Fourth, Fifth, Fourteenth and Sixteenth Amendments. The following issues as alleged herein give rise to the Plaintiffs' complaint as proper before this Court in seeking such relief as commanded upon the exhaustion of the administrative remedies, and are not extraordinary. Plaintiffs are seeking actual and compensatory damages for the loss incurred and the financial hardship and injuries caused by the Defendants for their intentional, reckless and willful acts.

## Jurisdiction And Venue

1. This Court has jurisdiction over this matter pursuant to the Fourth Amendment to the Constitution for the United States of America; Internal Revenue Code, as amended; 26 U.S.C. § 83 (a)(1) and (2), 165(a)(b) and (c)(1), 212, and 1001; the United States Code of Judicial Procedure; 28 U.S.C. §§ 1331 and 1346(a)(1); and the Administrative Procedures Act; and 5 U.S.C. §§ 701-706. Other jurisdictional claims arise under the United States Constitution at Article I § 7; Amendments I, IV, V, VI, IX, XIV, and XVI; and the laws of the United States and present federal questions within this Court's jurisdiction under Article III of the United States Constitution.

2. Venue is proper in the District of Columbia, the Seat of Government, pursuant to 4 U.S.C. §§ 71, 72 and 73; the United States is a federal corporation created by an Act of Congress pursuant to 28 U.S.C § 3002(15)(A) and a *citizen* is defined at 28 U.S.C § 1332(c)(1) and (d), maintaining its corporate offices located in the district. The Department of the Treasury is an agency within the meaning of 5 U.S.C § 101, creating the Internal Revenue Service as the internal affairs division within the Department. A duly authorized officer of the United States will answer on behalf of the acts committed by the corporation, its officials, officers, agents from said district. *"The United States government is a foreign corporation with respect to a state."* <u>In the Matter of Merriam</u>, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see <u>Penhallow v. Doane's Administrator's</u>; <u>Clearfield Trust Company v. United States</u>, 318 U.S. 363-371, 1942. Said corporations are prohibited from certain acts and limited to certain enumerated powers by said contract (the Constitution for the United States), which are alleged herein.

3.  The Defendants, the UNITED STATES aka, UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY, having individually and collectively participated in causing damage and harm to Plaintiffs Jane M. Falck and Steven P. Falcks' person and property hereby enjoins all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

### Plaintiffs' Capacity And The Invocation Of Jurisdiction Pursuant To The Common Law

4.  Plaintiffs Jane M. Falck and Steven P. Falck are presently domiciled in the geographical location identified as 1631 Hastings Circle NW, Uniontown, Ohio, situated in these 50 United States of (North) America. Plaintiffs are, at all times mentioned herein, proceeding in the capacity and standing as a Living, Breathing, Conscious, Thinking, Flesh and Blood Sentient Human Beings. Not appearing as subclass statutory persons, citizens, collective entities or otherwise; but, of a superior class and authority not enjoyed by the Defendants, corporate entities void of conscience – given life and existence by its officials, officers, agents and employees (*see Brasswell v. United States*, 487, U.S. 99 (1988) quoting *United States v. White*, 322 U.S. 694 (1944).

5.  The Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the Constitution secure Due Process to the American people in the course of the Common Law, which necessarily includes the right to trial by jury. *See Wayman v. Southard*, 23 U.S. 1; 6 L. Ed. 253; 10 Wheat 1(1825). The United States Supreme Court established: *"The Constitution is to be interpreted according to the Common Law Rules." Schick v. United States*, 195 U.S. 65; 24 S. Ct. 826; 49 L. Ed.99. The Supreme Court stated further: *"It [U.S. Constitution] must be*

*interpreted in the light of Common Law, the principles and history of which are familiarity known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law."* <u>United States v. Wong Kim Ark</u>, 169 US 649; 18 S.Ct. 456. Therefore, this Court is hereby provided with notice that, as a precaution, Plaintiffs are invoking the saving to suitors clause at 28 U.S.C. § 1333(1) in order to secure and proceed in the course of the Common Law in the event of controversy within special maritime and territorial jurisdiction of the United States.

### Defendants

6. At all times relevant hereto the corporate citizen Defendant UNITED STATES, aka UNITED STATES OF AMERICA's main office is located at 500 N. Capitol St. NW, Washington, DC 20221 which is within the jurisdiction of the Court.

7. Defendant the INTERNAL REVENUE SERVICE'S main office is located at 500 N. Capitol St. NW, Washington, DC 20221.

8. Defendant the DEPARTMENT OF THE TREASURY'S main office is located at 1500 Pennsylvania Avenue NW, Washington. DC 20225.

### This IS NOT A Claim For A Refund But A Demand For The Return Of Personal Property Illegally Seized

9. Plaintiffs reallege all allegations stated above, and further state and allege as follows:

10. Plaintiffs anticipate that the Defendants will move for dismissal in a knee jerk response, alleging this Court lacks jurisdiction and claiming the Plaintiffs did not fully pay the alleged tax owed and later filed for a refund citing *Flora v. United States, 362 U.S. 145 (1960) 80 S.Ct. 630)*, which does not apply and is *dicta* in this instant case.

11. The Defendants never imposed a statutory tax liability against the Plaintiffs and never made an assessment. The courts have ruled: "... *the taxpayer must be liable for the [income] tax. Tax liability is a condition precedent to the demand. Merely demanding payment, even repeatedly, does not cause liability,*" <u>Boethke v. Flour Engineers & Contractors</u>, 713 F.2nd 1405 (1983).

12. Title 26 of the United States Code provides that a tax "liability" is the <u>basis</u> and <u>prerequisite</u> for which an assessment is determined as defined in Treasury Regulations at 26 CFR § 301.7602-2(c)((3)(C) Tax Liability. "*A Tax Liability means the liability for any tax imposed by Title 26 of the United States Code . . .*" and Defendants failed to *impose* or make Plaintiffs liable for any tax imposed under Title 26 of the United States Code.

13. This is <u>not</u> a complaint seeking a "*refund*", this <u>is</u> a claim seeking the return of personal property illegally seized by the Defendants in violation of the Fourth Amendment and under color of law - pursuant to statutory notices served on third parties in control of Plaintiffs' property.

14. The claims herein alleged are regarding the seizure and taking of personal property by the Defendants without a judicial warrant of distraint, as there is no statutory remedy at law or in equity for the Plaintiffs – only the protections afforded in the Constitution as asserted herein.

15. Plaintiffs are <u>not</u> seeking to restrain the lawful assessment or collection of any internal revenue tax, but to dispute the unlawful seizure of personal property as a result of the intentional violations of procedural and substantive Due Process acted out by the Defendants under color of law.

16. Defendants claim interest adverse to the Plaintiffs' labor interest in the personal property described above, but the Defendants' claim is without merit and the Defendants have no

estate, title, claim, lien, superior claim or in Plaintiffs' personal property or any portion thereof. The procedural violations enumerated herein are consistent with the violations as stated throughout these causes of action.

### Factual History And Summary

17. Plaintiffs reallege all allegations stated above, and further state and allege as follows:

18. On or About September 5, 2006, Plaintiffs received Form 668-W(c) – Notice of Levy on Wages, Salary, and other income dated August 28, 2006 for tax years 2000, 2001, 2002, and 2003 in the amount of $28,872.63 addressed to Edwin Shaw Rehab, Signed by DENISE BRADLEY – Operations Mgr, Collections.

19. That on about November 6, 2006 the Plaintiffs received a Certificate of Release of Federal Tax Lien dated November 6, 2006, particularly releasing Jane M. Falck from the subject statutory lien pursuant to Internal Revenue Code section 6015.

20. On or About September 27, 2005, Plaintiffs received Form 8519 – Copy of Notice of Levy for tax years 1998 and 1999 in the amount of $526,205.67 signed by A.M. OWENS – Operations Manager, Collections, Located in Cincinnati, Ohio – served on KEYBANK, resulting in the seizure and taking of personal property (funds) in the total amount of Twenty-Nine Thousand, One Dollar and Forty Four Cents ($29,001.44).

21. Plaintiffs attempted to withdraw funds from a local automated teller machine on or about August 18, 2005 located at 870 W. Maple Street, Hartsville Ohio, near 44632, and discovered funds were frozen and/or seized as reflected on a teller receipt that indicated a Levy/Writ.

22. That KeyBank issued a notice dated August 16, 2005, approximately seven days later, indicating the seizure of five accounts: (1) Account Number 35439809731142 holding an

amount of Fifteen Thousand, One Hundred, Sixteen Dollars and Thirty-Seven Cents ($15,116.37); (2) Account Number 35439809731696 holding an amount of Ten Thousand, Four Hundred, Thirty-One Dollars and Fifty-Six Cents ($10,431.56); (3) Account Number 354392000775 holding an amount of Two Thousand, Four Hundred, Ninety-Seven Dollars and Six Cents ($2,497.06); and Account Number 3543922013752 holding an amount of Five Hundred, Twenty Dollars and Seventeen Cents ($520.17).

23. That to the best of their knowledge, Plaintiffs are not in default, do not have a contract, agreement, or any other debt relationship with Defendants the United States, United States of America, Department of the Treasury, Treasury Department, the Internal Revenue Service or KeyBank.

24. Plaintiffs maintain that no judgment, order, waiver or stipulation exists or is known and Plaintiffs have never been served notice of any order, decree for an amount owing or due Defendants, the United States of America, Department of the Treasury and the Internal Revenue Service.

25. That Plaintiffs, Steven Falck and Jane M. Falck, husband and wife, have no other remedy at law to protect from Defendants' aggressive and egregious acts, as the record shows that Defendants have conspired to deprive Plaintiffs of their most fundamental rights – the use and disposal of personal property at the will of the owner.

**Count I.**
**Violations Of Plaintiffs' Rights Under APA and the Fourth Amendment**

26. Plaintiffs reallege all allegations stated above, and further state and allege as follows:

27. Plaintiffs are entitled to a return of all personal property seized in violation of the Fourth Amendment in the amount of $28,872.63, plus interest, because at all times the above named

Defendants proceeded in violation of the *Just Compensation Clause* of the Fifth Amendment, wholly ignoring the loss of life and liberty for the production of property.

28. The just compensation received by Plaintiffs in calendar years 1998 through 2003 were due to loss of life and liberty that *must* be excluded from gross income pursuant to 26 U.S.C. §§ 83 (a)(1) and (2), 165(a)(b) and (c)(1), 212, and 1001, as such property was not realized as an *excess* over the Fair Market Value of Plaintiffs' labor to be included in gross income.

29. As a direct and proximate result of the Defendants' failure to restore the Fair Market Value of Plaintiffs' Labor Property for the loss incurred, Defendants should be ordered to make Plaintiffs whole and return to Plaintiffs the amount of personal property illegally seized, plus interest.

### Count II.
### Violations of Plaintiffs' Rights Under APA And The Just Compensation Clause Of The Fifth Amendment

30. Plaintiffs reallege all allegations stated above, and further state and allege as follows:

31. The action taken, and the failure to act by the Defendants in response to Plaintiffs' demands to make them whole and allow them to restore the value of their labor without penalty for tax years 1998 through 2003, is a final agency action under the APA.

32. The just compensation paid to Plaintiffs in calendar years 1998 through 2003 by their employers and contractors was to make Plaintiffs whole as a result of the loss of Life and Liberty incurred for the production of property, as no excess over the Fair Market Value of the amount paid was realized as gross income.

33. Defendants' seizure and taking of Plaintiffs' just compensation in calendar years 1998 through 2003 is based on Defendants' non-application and refusal to allow Plaintiffs access to (without authority) the applications of 26 U.S.C. §§ 83 (a)(1) and (2), 165(a)(b) and (c)(1),

212, and 1001 and violates Plaintiffs' substantive and procedural due process rights under the Fifth Amendment and equal protection of the law under the Fourteenth Amendment to the U.S. Constitution.

34. Defendants' seizure and taking of Plaintiffs' just compensation in calendar years 1998 through 2003 also violates Plaintiffs' rights under the *Takings Clause* of the Fifth Amendment to the U.S. Constitution.

35. The "Takings Clause" of the Fifth Amendment provides that: "*... nor shall any person be deprived of life, liberty, or property . . . be taken for public use without just compensation.*" Accordingly, the Defendants have seized and are taking Plaintiffs' Labor Property <u>for public use</u> without making Plaintiffs whole under the *just compensation clause* of the Fifth Amendment.

36. Plaintiffs sustained a loss and deprivation of both life and liberty in exchange for such property, exerting both mental and physical labor for the production thereof. This Right of just compensation to restore the value of Plaintiffs' Labor Property is protected under the Fifth Amendment to the Constitution.

37. As a direct and proximate result of the Defendants' refusal to make Plaintiffs whole, in violation of Plaintiffs' rights under the APA and the Fifth Amendment to the U.S. Constitution, Plaintiffs' are entitled to declaratory and injunctive relief, and Defendants should be ordered to make Plaintiffs whole and to pay Plaintiffs the amount of personal property seized, plus interest.

## Count III.
## Defendants Proceeded In Violation Of The APA And The Fourth Amendment

38. Plaintiffs reallege all allegations stated above, and further state and allege as follows:

39. Plaintiffs received just compensation from employment and contracted labor as a result of the loss of life and liberty incurred for the production of real and personal property for calendar years 1998 through 2003.

40. Plaintiffs' just compensation was paid as to "make whole" and restore the value of their Labor as relief and was intended to compensate Plaintiffs for their loss of human capital.

41. Defendants' non-judicial seizure and taking of Plaintiffs' *just compensation* violates Plaintiffs' rights under the Fourth Amendment to the U.S. Constitution.

42. The Fourth Amendment to the Constitution states in pertinent part:

> *"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizure, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or Affirmation, and particularly describing the place to be searched, and the persons or things to be seized."*

43. As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fourth, Fifth and Sixteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief, and Defendants should be ordered to make Plaintiffs whole and to pay the amount of personal monetary property illegally seized, plus interest.

### Count IV.
### Violations Of Plaintiffs' Rights Under the APA and the Sixteenth Amendment

44. Plaintiffs reallege all allegations stated above, and further state and allege as follows:

45. Plaintiffs received just compensation from employment and contracted labor, and as a result, the loss of life and liberty incurred for the production of real and personal property for calendar years 1998 through 2003.

46. Plaintiffs' just compensation was paid as to "make whole" and restore the value of their Labor as relief and intended to compensate Plaintiffs for their loss of human capital.

47. Defendants' seizure and taking of Plaintiffs' just compensation in calendar years 1998 through 2003 violates Plaintiffs' rights under the Sixteenth Amendment to the U.S. Constitution.

48. Defendants' seizure and taking of Plaintiffs' just compensation without allowing the Plaintiffs to make themselves whole in calendar years 1998 through 2003 also violates Plaintiffs' rights under the *Takings Clause* of the Fifth Amendment to the U.S. Constitution.

49. As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fifth and Sixteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiffs whole and to return the personal property seized, plus interest.

**Count V.**
**Violations of Plaintiffs' Rights Under the APA and the Sixteenth Amendment**

50. Plaintiffs reallege all allegations stated above, and further state and allege as follows:

51. Plaintiffs received just compensation from employment and contracted labor and as a result, the loss of life and liberty incurred for the production of real and personal property for calendar years 1998 through 2003.

52. Plaintiffs' just compensation was paid as to "make whole" and restore the value of their Labor as relief and was intended to compensate Plaintiffs for their loss of human capital.

53. Defendants' seizure of Plaintiffs' just compensation in calendar years 1993 through 2003 violates Plaintiffs' due process rights under the Fifth Amendment to the U.S. Constitution.

54. The Defendants caused personal property in control of third parties to be seized via a non-judicial statutory Form 668-W(c) Notice of Levy on Wages, Salary and Other Income, referencing Internal Revenue Code section 6331.

55. Defendants issued a false document for filing, causing it to be served on third parties which resulted in the seizure and taking of personal property under the colorable authority of 26 U.S.C. § 6331(a) and Treasury Regulations at 26 CFR § 301.6331-1(4) stating in pertinent part:" . . . *Authority of Secretary ... Levy maybe made upon the accrued salary or wages of any officer, or elected official of the United States, the District of Columbia or any agency or instrumentally of the United States or District of Columbia . . .*"

56. Plaintiffs did not then, and do not now, provide services contracted or otherwise or maintain [e]mployment in the capacity or jurisdiction of the statutory Form 668-W(c) Notice of Levy on Wages, as the Defendants are not authorized to enlarge the limited jurisdictional scope of the statutes.

57. The Defendants' Form 668-W(c) Notice of Levy specifically cites Section 6331, as the statutory language specifically identifies effected persons to include officers, agencies or elected officials of the United States or the District of Columbia, or any agency or instrumentality thereof; and the Plaintiffs are not now nor have they ever been of such status.

58. As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fifth and Sixteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief, and Defendants should be ordered to make Plaintiffs whole and to return the personal property seized, plus interest.

**COUNT VI.**
**Violations of Plaintiffs' Rights Under the APA And**
**Article I Sec. 9 Cl. 3 and Article I Sec. 10 Cl. 1**

59. Plaintiffs reallege all allegations stated above, and further state and allege as follows:

60. Plaintiffs received just compensation from employment and contracted labor, and as a result, the loss of life and liberty incurred for the production of real and personal property for calendar years 1998 through 2003.

61. Plaintiffs' just compensation was paid as to "make whole" and restore the value of their Labor as relief and was intended to compensate Plaintiffs for their loss of human capital.

62. The Defendants caused personal property in control of third parties to be seized and taken via a non-judicial statutory Form 668-W(c) Notice of Levy on Wages, Salary and Other Income, referencing Internal Revenue Code section 6331.

63. Defendants' non-judicial seizure and taking of Plaintiffs' just compensation via the statutory Notice of Levy instrument not issued by a district court of the United States prior thereto acts as a Bill of Attainder in violation of Articles I Sec. 9, Cl. 3 and Article I Sec. 10 Cl. 1 to the U.S. Constitution.

64. Plaintiffs have been administratively attacked and have been penalized, punished and suffered a loss resulting in: (1) the taking of personal property and encumbrance of real property, (2), being labeled non-filers and illegal tax protesters for exercising their First Amendment right of redress of grievance – resulting in the seizure and taking of Plaintiffs' personal Labor Property without the benefit of a judicial trial.

65. As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fifth Amendment to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief, and Defendants should be ordered to make Plaintiffs whole and return to the amount of personal monetary property seized from Plaintiffs, plus interest.

## Summary, Conclusion And Remedy Sought

66. At all times this summary is incorporated by reference as to each and every cause of action and/or count as stated herein.

67. The acts of the Defendants, the UNITED STATES aka, UNITED STATES OF AMERICA, the INTERNAL REVENUE SERVICE and the DEPARTMENT OF THE TREASURY are clear violations of the Constitution for the United States of America, Acts of Congress and the United States Supreme Court as relevant to the internal revenue laws.

68. The violations enumerated herein have severely damaged and injured Plaintiffs' personal and real property and their rights to possess and control the same – causing irreparable harm and injury that resulted in actual, direct economic damages sustained by Plaintiffs – which is the proximate cause as a result of their reckless, intentional and willful acts. The above named Defendants proceeded under color of law and committed the following acts and violations:

(a) failed to impose, identify or notify Plaintiffs of the statutory tax imposed under the internal revenue laws prior to the alleged Assessment for tax years 1998 through 2003;

(b) refused to restore and make whole the Fair Market Value of Plaintiffs' compensation for Labor Property pursuant to the *Just Compensation Clause* of the Fifth Amendment;

(c) caused false documents to be issued on third parties which resulted in the seizure and taking of personal property belonging to Plaintiffs with the intent of willful oppression and under color of law;

(d) demanded sums greater than allowed by the Constitution and by statute, took personal property for public use in violation of the *Just Compensation Clause* of the Fifth Amendment, refusing to make whole, and restore the loss incurred by Plaintiffs;

WHEREFORE, Plaintiffs Jane M. Falck and Steven P. Falck have been damaged by officials, officers, agents and employees of the Defendants and its agencies herein named due to their individual and collective intentional, willful and reckless acts and pray for relief as follows:

(i) Declare that Plaintiffs are entitled to the return of all personal property seized by the Defendants for calendar years 1998 through 2003 in the amount of money taken from Plaintiffs.

(ii) Declare that Plaintiffs are entitled to be made whole under the *Just Compensation Clause* of the Fifth Amendment to the Constitution;

(iii) Order Defendants pay and return all personal property presently being seized in an amount in excess of $9,600.00 and all future amounts that will be seized prior to instituting this action, plus interest for damages to make Plaintiffs whole;

(iv) Order Defendants pay $28,872.63 plus interest for damages to make Plaintiffs whole for the unauthorized seizure of personal property belonging to Plaintiffs;

(v) Order Defendant pay treble damages in the amount totaling ($86,617.89) for the unauthorized seizure of personal property belonging to Plaintiffs;

(vi) Award Plaintiffs declaratory relief, as appropriate;

(vii) Award Plaintiffs preliminary and permanent injunctive relief, as appropriate;

(viii) Order Defendants to pay Plaintiffs pre-judgment and post-judgment interest, respectively;

(ix) Order Defendants to pay Plaintiffs reasonable statutory attorneys fees and costs;

(x) Award Plaintiffs relief pursuant to the Equal Access to Justice Act, including but not limited to, an award of reasonable attorneys fees and costs; and

(xi) Award Plaintiffs such further relief as may just under the circumstances.

(xii) Any other remedy at law and in equity this Court deems just and proper.

## JURY TRIAL DEMANDED

Respectfully Submitted:

## VERIFICATION

I/We, Jane M. Falck and Steven P. Falck, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that I/we believe the above to be true and correct to the best of my/our knowledge, understanding and belief. All Rights retained without recourse.

On this ____ day December, 2006

Signature: _____
Jane M. Falck, Plaintiff
1631 Hastings Cir. NW
Uniontown, Ohio [44685]
Of

Signature: _____
Steven P. Falck, Plaintiff
1631 Hastings Cir. NW
Uniontown, Ohio [44685]

COMPLAINT
Plaintiffs

- 16 -

Jane M. Falck and Steven P. Falck,

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06-2269 ESH

## I (a) PLAINTIFFS
Jane M. Falck and Steven P. Falck

## DEFENDANTS
INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY, UNITED STATES aka, UNITED STATES OF AMERICA, a Federal Corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **Stark County**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven P. Falck, in pro se    (330) 699-9251
1631 Hastings Cir. NW
Uniontown, Ohio 44685

CASE NUMBER: 1:06CV02269
JUDGE: Ellen Segal Huvelle
DECK TYPE: Pro se General Civil
DATE STAMP: 12/29/2006

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☒ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(4)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Article I § 7, Amendments I, V, VI, IX, XIV XVI of U.S. Constitution;15 U.S.C. § 17; Using Plaintiff's Labor Property as an article of commerce

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ 125,100.00  Check YES only if demanded in complaint  JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** NF  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE DEC. 26, 200[9] 29  SIGNATURE OF ATTORNEY OF RECORD [signature] Steven Falek

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.