IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE M. FALCK , <br> STEVEN P. FALCK, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:06CV02269 (ESH) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S MOTION TO DISMISS

Defendant, the Internal Revenue Service, respectfully requests that the Court substitute the United States as the proper party defendant pursuant to 26 U.S.C. §§ 7422(f) and 7433(a).

Under Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6), the defendant respectfully requests that the Court dismiss this action.  As grounds for this motion, the defendants assert that this Court lacks subject-matter jurisdiction over plaintiffs' refund claim, plaintiffs' unauthorized collection claim, and plaintiffs' constitutional claims, venue in this Court is improper, the Anti-Injunction Act bars the injunctive relief plaintiffs seek, and the Declaratory Judgment Act bars the declaratory relief plaintiffs seek.  Moreover, plaintiffs make numerous tax-protestor type arguments which are patently frivolous and should be summarily dismissed.

Specifically, plaintiffs failed to allege that they paid the federal taxes due and filed a claim for refund.  Both are required before the United States' sovereign immunity is waived.  26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960).

Since plaintiffs have not so alleged, this Court lacks subject-matter jurisdiction over their refund claim. Plaintiffs have also failed to demonstrate that they filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004). Further, plaintiffs have failed to state a claim for damages. Plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any relief. Since plaintiffs have not so alleged, this Court lacks subject-matter jurisdiction. Moreover, plaintiffs are residents of Ohio (Compl. ¶ 4) and request the refund of federal taxes. (Compl., prayer ¶¶ iii, iv). Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the plaintiffs reside. Inasmuch as plaintiffs are residents of Ohio, venue in this Court is lacking.

Plaintiffs seek to enjoin the Internal Revenue Service from engaging in any further collection activity. (Compl., prayer ¶ vii). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief. Plaintiffs also seek declaratory relief, but plaintiffs can not obtain declaratory relief with respect to federal taxes. See 28 U.S.C. §2201. Finally, plaintiffs' tax-protestor style arguments – that they are not subject to federal taxes – should be summarily rejected. (Compl. ¶ 12). See United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987).

A supporting memorandum of law and proposed order are filed with this motion.

DATED: April 4, 2007.                    Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE M. FALCK , ) | |
| STEVEN P. FALCK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 1:06CV02269 (ESH) |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

In this case, plaintiffs seek a refund of Federal taxes, relief for purported violations of plaintiffs' constitutional rights, an injunction against the Internal Revenue Service, and declaratory relief. For the reasons set forth below, the Court cannot grant the requested relief. Further, the Court lacks jurisdiction over plaintiffs' damage claim because plaintiffs have failed to exhaust administrative remedies. Moreover, plaintiffs have failed to state a damages claim in their complaint and the damages claim should be dismissed.

<u>This Court Should Substitute the United States as the Proper Party Defendant</u>

The defendant is not a proper party to this action. In this refund and wrongful collection suit, the United States is the only proper party defendant. <u>See</u> 26 U.S.C. §§ 7422(f), 7433(a).

<u>This Court Lacks Subject-Matter Jurisdiction over Refund Claim</u>

This Court does not have jurisdiction over plaintiffs' claim for a tax refund. Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. <u>See</u> <u>United States v. Dalm</u>, 494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); <u>Flora v. United States</u>, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); <u>Vanskiver v. Rossotti</u>, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiffs have the burden to show that sovereign immunity has been waived. <u>See</u>, <u>e.g.</u>, <u>Paradyne Corp. v. U.S. Dept. of Justice</u>, 647 F. Supp. 1228, 1231 (D.D.C. 1986) (citing <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiffs have not even alleged that they filed a timely claim for refund, this Court lacks jurisdiction. <u>Dalm</u>, 494 U.S. at 601-02.

Likewise, plaintiffs have not alleged that they fully paid their tax liabilities. On the contrary, they seek an injunction to prevent the Internal Revenue Service from collecting the taxes due. (Compl. prayer ¶ vii.) This request, in itself, implies that plaintiffs have not fully paid the taxes they seek to recover — an implication fatal to a suit for refund. <u>See</u> <u>Flora</u>, 362 U.S. at 177.

Because plaintiffs have not alleged that they filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claim for a refund.

### Venue Is Improper

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiffs reside. Inasmuch as plaintiffs are residents of Ohio (Compl. ¶ 4), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The interests of justice do not require transferring this case, and in fact weigh against it. Plaintiffs' complaint alleges no facts to warrant transfer. As explained above, plaintiffs' failure to allege that they filed a proper claim for refund or fully paid the taxes due deprives <u>any</u> federal court of subject-matter jurisdiction. <u>See</u> <u>Dalm</u>, 494 U.S. at 601-02; <u>Flora</u>, 362 U.S. at 177. Thus, because venue is lacking in this Court, and the interests of justice do not favor transfer to Ohio, the Court should dismiss this case. <u>See</u> Fed. R. Civ. P. 12(b)(3).

### This Court Lacks Subject-Matter Jurisdiction over Damages Claim

Plaintiffs purport to state a claim for damages against the United States (Compl. prayer ¶¶iv, v). This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the

United States has unequivocally waived its sovereign immunity. <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936); <u>West v. F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiffs has exhausted the administrative remedies available to such plaintiffs within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. <u>See</u> 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the

-3-

taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See Davenport v. United States, 450 F. Supp.2d 96, 97 n.1 (D.D.C. 2006); Holt v. Davidson, 441 F. Supp.2d 92, 95 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).1/

---

1/    The United States is aware that the court in Turner v. United States, 429 F. Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in Turner relied upon Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in Arbaugh could claim the benefit of the sovereign's long-recognized general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction.
     One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, Arbaugh did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. Arbaugh did not overrule Nakshian, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow Glass, McGuirl, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the Turner decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

## Plaintiffs Have Failed to State a Damages Claim

Plaintiffs' complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiffs purport to state a claim for damages. Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiffs' complaint to support a claim for damages, and thus, this Court should conclude that they have not in fact stated such a claim. For example, plaintiffs do not describe the injuries they allegedly incurred. In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or

---

against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiffs have failed to state a claim upon which relief can be granted, this Court should dismiss this case.

<u>This Court Lacks Subject-Matter Jurisdiction over Plaintiffs' Constitutional Claims</u>

It is well-settled, that the United States is immune from suit, unless its sovereign immunity has been waived. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67, 105 S. Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976); <u>United States v. Shaw</u>, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30 (1992); <u>United States v. King</u>, 395 U.S. 1, 4 (1969); <u>United States v. Sherwood</u>, 312 U.S. 584, 596 (1947). The burden is on the party bringing suit to demonstrate that the United States has consented to suit. <u>Hill v. United States</u>, 571 F.2d 1098, 1102-03 (9th Cir. 1978); <u>Keesee v. Orr</u>, 816 F.2d 545, 547 (10th Cir. 1987).

In strictly construing the waiver in favor of the sovereign, damages for constitutional violations against the United States can not be permitted. <u>See</u> <u>Gonsalves v. Internal Revenue Service</u>, 782 F. Supp. 164, 168 (D. Me.) ("Here [under Section 7433], the United States has not waived its immunity from suit for damages arising from constitutional violations."), <u>aff'd</u>, 975 F.2d 13 (1st Cir. 1992). Plaintiffs have not referred to any statute which specifically provides for a suit against the United States under the

circumstances presented herein. Sovereign immunity is waived only by statutes specifically providing for maintenance of suits against the United States. See Holloman v. Watt, 708 F.2d 1399 (9th Cir. 1983); Eastern Associated Coal Corp. v. Director, Office of Workers' Compensation Programs, 791 F.2d 1129, 1131 (4th Cir. 1986) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)); Essex v. Vinal, 499 F.2d 226, 231 (8th Cir. 1974); Geurkink Farms, Inc. v. United States, 452 F.2d 643, 644 (7th Cir. 1971). As provided above, the burden is on the plaintiffs to prove that their claim is in compliance with the terms of a statute in which the United States has waived sovereign immunity. Sherwood, 312 U.S. at 586. Thus, this Court should dismiss plaintiffs' constitutional claims, because they are barred by the doctrine of sovereign immunity.

Plaintiffs' Requests for Injunctive Relief and Declaratory Relief Are Barred by Declaratory Judgment Act and the Anti-injunction Act

Plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Compl. prayer ¶ vii). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421) Plaintiffs' complaint also requests for declaratory relief. (Compl. prayer ¶ vi). Such declaratory relief is barred by the Declaratory Judgment Act (28 U.S.C. § 2201).

Since "the Anti-Injunction Act and the Declaratory Judgment Act operate coterminously, the . . . analysis of the impact of the Anti-Injunction Act . . . also determines the effect of the Declaratory Judgment Act." National Taxpayers Union v. United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995). Thus, the United States relies on its analysis of the Anti-injunction Act to support its argument that both plaintiffs' requests

for injunctive relief and declaratory relief are barred.

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiffs' claim. See 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail. In fact, plaintiffs solely rely on frivolous tax-protestor arguments which should be summarily rejected by the court.

Further, plaintiffs have failed to demonstrate the existence of equitable

jurisdiction.  Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies.  See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598.  In certain situations, plaintiffs can temporarily forestall collection — which is the ultimate relief they request— by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, they can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief and declaratory relief.  Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction or declaratory relief.  Thus, the Court should dismiss this case.

**CONCLUSION**

In sum, for the following reasons the Court should dismiss this action. This Court does not have subject-matter jurisdiction over plaintiffs' refund claim, unauthorized collection claim, and constitutional claims. Venue is lacking in this Court as plaintiffs reside in Ohio. The Anti-Injunction Act prohibits an injunction against the collection of plaintiffs' taxes. Further, plaintiffs can not obtain declaratory relief with respect to federal taxes. Finally, plaintiffs have failed to state a claim for damages.

DATED: April 4, 2007

                                  Respectfully submitted,

                                  /s/ Beatriz T. Saiz
                                  BEATRIZ T. SAIZ
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  P.O. Box 227
                                  Ben Franklin Station
                                  Washington, DC 20044
                                  Phone/Fax: (202) 307-6585/514-6866
                                  Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE M. FALCK ,  )<br>STEVEN P. FALCK,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>INTERNAL REVENUE SERVICE,  )<br>  )<br>Defendant.  )  | No: 1:06CV02269 (ESH) |

## ORDER

Having considered the DEFENDANT'S MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED;  and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this ____ day of _____ 2007.

_____

COPIES TO:                     UNITED STATES DISTRICT JUDGE

BEATRIZ T. SAIZ                         Steven P. Falck
Trial Attorney, Tax Division            Jane Flack
U. S. Department of Justice             1631 Hastings Circle NW
Post Office Box 227                     Uniontown, OH 44685
Washington, DC  20044

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE M. FALCK , <br> STEVEN P. FALCK, <br>     Plaintiffs, <br>     v. <br> INTERNAL REVENUE SERVICE, <br>     Defendant. | ) <br> ) <br> ) <br> )    No: 1:06CV02269 (ESH) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing DEFENDANT'S MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were served upon the following individual(s) on April 4, 2007, by sending a copy by First Class mail, postage prepaid, addressed as follows:

> Steven P. Falck
> Jane Falck
> 1631 Hastings Circle NW
> Uniontown, OH 44685

>       /s/ Beatriz T. Saiz
>     BEATRIZ T. SAIZ