# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| JANE M. FALCK, *et al.*, ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-02269 (ESH)** |
| ) | |
| INTERNAL REVENUE SERVICE, *et al.* ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## <u>MEMORANDUM OPINION</u>

*Pro se* plaintiffs Jane and Steven Falck bring suit against the United States, the Internal Revenue Service, and the U.S. Department of Treasury. Plaintiffs' central theory is that their 1998–2003 earnings constituted "just compensation" for a "loss of life and liberty," rather than taxable income. (*E.g.*, *id.* ¶¶ 28, 32, 39, 45, 51, 60.) Based on the theory that their earnings did not constitute taxable income, plaintiffs claim that, by placing levies on their property, the government violated the Bill of Attainder Clause, U.S. Const. art. I, § 9, cl. 3; the Contracts Clause, U.S. Const. art. I, § 10, cl. 1; the Fourth, Fifth, Fourteenth, and Sixteenth Amendments; and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* (2006). (*See* Compl. ¶¶ 27, 33–37, 41–43, 47–49, 58, 63, 65.) Plaintiffs further claim that, by labeling them "non-filers and illegal tax protesters," the government unlawfully retaliated against them for exercising their First Amendment rights. (*Id.* ¶ 64.) As relief, plaintiffs seek compensatory and punitive damages, declaratory and injunctive relief, attorneys fees, and costs. (*See id.* ¶¶ (i)–(xii).)

Pursuant to Federal Rule of Civil Procedure 12, the government has moved to dismiss plaintiffs'

suit for lack of subject matter jurisdiction and failure to state a claim upon which relief can be

granted.[1]  For the reasons stated herein, the government's motion will be granted.

### BACKGROUND

Plaintiffs are residents of Uniontown, Ohio.  (*Id.* ¶ 4.)  According to their complaint, the

government issued three "notices of levy" in connection with plaintiffs' unpaid taxes for the tax

years 1998–2003.  (*See id.* ¶¶ 18, 20, 22.)  The total amount seized pursuant to these notices

exceeded $86,000.  (*See id.  But see id.* ¶ (iv) (suggesting that plaintiffs could be "ma[d]e

. . . whole" by a payment of $28,872.63).)

On December 29, 2006 - - evidently without having pursued administrative relief - -

plaintiffs filed suit.  On April 4, 2007, the government filed its motion to dismiss.  Pursuant to

*Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court advised plaintiffs about the

consequences of failing to respond to the government's motion and ordered a response by May 7,

2007.  At plaintiffs' request, the Court subsequently extended their deadline through June 6,

2007.  Nonetheless, plaintiffs have failed to respond to the government's motion.[2]

---

[1]The government also moves the Court to dismiss this case for lack of personal jurisdiction, improper venue, and insufficient service of process.  However, because the Court lacks subject matter jurisdiction and plaintiffs have failed to state a claim, it is unnecessary to consider any other grounds for dismissal.

[2]Although Local Rule 7(b) would permit dismissal of plaintiffs' suit based solely on their failure to respond, the Court need not rely on the local rule because plaintiffs' suit can be dismissed pursuant to Rule 12.

## ANALYSIS

### I.    Standard of Review

The pleadings of *pro se* plaintiffs must be construed liberally. *E.g.*, *Lindsey v. United States*, 448 F. Supp. 2d 37, 44–45 (D.D.C. 2006). Accordingly, although plaintiffs have expressly framed all of their claims as violating either the Constitution or the APA, the Court will construe the complaint to include three additional statutory claims: a claim for a tax refund pursuant to 26 U.S.C. § 7422, a claim for damages pursuant to 26 U.S.C. § 7433, and a claim for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (2006).[3]

When, as here, the government invokes Rule 12(b)(1) to attack the existence of subject matter jurisdiction on the face of a complaint, "the Court considers the factual allegations of the complaint in the light most favorable to the non-moving party." *Loughlin v. United States*, 230 F. Supp. 2d 26, 35–36 (D.D.C. 2002). Similarly, when the government moves for dismissal pursuant to Rule 12(b)(6), "the Court will accept as true all factual allegations in the complaint[] and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged." *Medina v. District of Columbia*, No. 97-594, 2007 WL 1656281, at *4 (D.D.C. June 6, 2007). However, to survive a motion to dismiss pursuant to Rule 12(b)(6), "[a] complaint must present 'enough facts to state a claim to relief that is plausible on its face,' and 'above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007)).

---

[3]However, to the extent that plaintiffs seek either a tax refund or damages for wrongful collection activity, the United States is the only proper party defendant. *See* 26 U.S.C. § 7422(f); *id.* § 7433(a).

II.    **This Court Lacks Subject Matter Jurisdiction over Plaintiffs' Constitutional Claims, APA Claim, Tax Refund Claim, and Claim for Declaratory Relief**

A.    **Constitutional Claims**

It is axiomatic that "[t]he doctrine of sovereign immunity bars those suits against the United States that are not specifically waived by statute." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006); *accord United States v. Sherwood*, 312 U.S. 584, 586 (1941).  It is well settled  "that Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution."  *Jackson*, 448 F. Supp. 2d at 201; *see Clark v. Library of Cong.*, 750 F.2d 89, 102–03 (D.C. Cir. 1984).  Furthermore, Congress has expressly barred suits for injunctive relief against allegedly unconstitutional tax collection efforts.  *See* 26 U.S.C. § 7421(a) (2006) ("Except as provided in [various statutory provisions inapplicable here], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."); *We the People Found., Inc. v. United States*, 485 F.3d 140, 142–43 (D.C. Cir. 2007) (holding that § 7421(a) foreclosed the plaintiffs' claim "that government officials - - by seeking to collect unpaid taxes - - [had] retaliated against plaintiffs' exercise of First Amendment rights"); *Lindsey*, 448 F. Supp. 2d at 50 ("The language of § 7421(a) could not be clearer, as it unquestionably bars a suit from being brought in federal court where the suit seeks to enjoin the government from assessing or collecting federal taxes.").  Indeed, plaintiffs themselves arguably concede that there is no statute waiving sovereign immunity under the circumstances at issue here.  (*See* Compl. ¶ 14 ("[T]here is no statutory remedy at law or in equity for the Plaintiffs - - only the protections afforded in the Constitution . . . .").)  Accordingly, the Court lacks subject matter jurisdiction over plaintiffs' constitutional claims, and those claims will be dismissed

4

pursuant to Rule 12(b)(1).

### B.    APA Claim

"[The D.C.] Circuit has held that an action brought under the APA is barred if it concerns

the assessment or collection of federal taxes." *McGuirl v. United States*, 360 F. Supp. 2d 129,

123 (D.D.C. 2004) (citing *Foodserv. and Lodging Inst., Inc. v. Regan*, 809 F.2d 842, 844 (D.C.

Cir. 1987). Accordingly, because plaintiffs' suit concerns the collection of federal taxes, their

APA claim will be dismissed pursuant to Rule 12(b)(1).

### C.    Refund Claim

To the extent that plaintiffs seek a tax refund, the Court again lacks subject matter

jurisdiction. The Internal Revenue Code provides:

> *No suit or proceeding shall be maintained* in any court for the recovery of any internal
> revenue tax alleged to have been erroneously or illegally assessed or collected, or of any
> penalty claimed to have been collected without authority, or of any sum alleged to have
> been excessive or in any manner wrongfully collected, *until a claim for refund or credit
> has been duly filed* with the Secretary [of the Treasury], according to the provisions of
> law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (2006) (emphasis added). This language constitutes a "sweeping and direct"

indication that, for refund claims, "there is no federal jurisdiction prior to exhaustion." *See*

*Lindsey*, 448 F. Supp. 2d at 50–51 (quoting *Avocados Plus v. Veneman*, 370 F.3d 1243, 1248

(D.C. Cir. 2004)). Here, plaintiffs have not alleged that they sought a refund from the Secretary

of the Treasury prior to filing suit in this Court (or even that they paid their taxes to begin with).

Accordingly, to the extent that plaintiffs claim a tax refund under § 7422(a), their claim will be

dismissed pursuant to Rule 12(b)(1). *See Lindsey*, 448 F. Supp. 2d at 50–51.

### D.    Claim for Declaratory Relief

Similarly, the Court lacks subject matter jurisdiction over plaintiffs' claim for declaratory

relief under the Declaratory Judgment Act.  The Act provides that, "[i]n a case of actual

controversy within [a federal court's] jurisdiction," the court may "declare the rights and other

legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  However,

the Act expressly bars suits for declaratory relief in cases "with respect to Federal taxes."[4]  *Id.*

Because plaintiffs seek declaratory relief "with respect to Federal taxes," the Court lacks subject

matter jurisdiction and their claim must be dismissed pursuant to Rule 12(b)(1).  *See Lindsey*,

448 F. Supp. 2d at 49 (treating the government's objection to a *pro se* tax protester's claim for

declaratory relief as a jurisdictional challenge and dismissing the claim pursuant to Rule

12(b)(1)).

### III.    Plaintiffs Have Failed to State a Claim for Damages under 26 U.S.C. § 7433

Contrary to the government's contention, plaintiffs' failure to allege that they exhausted

their administrative remedies does not deprive the Court of subject matter jurisdiction to hear

their claim for compensatory damages under § 7433.[5]  *See, e.g.*, *Lindsey*, 448 F. Supp. at 54

---

[4]The exception for "actions brought under section 7428 of the Internal Revenue Code of 1986" is inapplicable here.  28 U.S.C. § 2201(a).

[5]Specifically, "[t]he Court is not persuaded to depart from *Lindsey* by the government's argument that the exhaustion requirement should be considered jurisdictional because 26 U.S.C. § 7433 is a waiver of sovereign immunity that must be strictly construed, or by any authority cited by the government in support of that argument."  *Zinda v. Johnson*, 463 F. Supp. 2d 45, 50 (D.D.C. 2006).  Of course, to the extent that plaintiffs seek *punitive* damages under § 7433 (*see* Compl. ¶ (v)), the government is correct that the Court lacks subject matter jurisdiction.  *See Speelman v. United States*, 461 F. Supp. 2d 71, 75 (D.D.C. 2006) ("26 U.S.C. § 7433 does not, however, provide a remedy of punitive damages, but only compensatory damages up to a specified amount.  Without a waiver of sovereign immunity, the Court lacks subject matter jurisdiction to hear that claim against the federal government.").

(explaining that the exhaustion requirement of § 7433 is not "jurisdictional").  Notwithstanding

the Court's subject matter jurisdiction, however, plaintiffs' failure to allege exhaustion is fatal

under Rule 12(b)(6).  *See, e.g.*, *Lindsey*, 448 F. Supp. 2d at 61 (explaining that, because the

plaintiffs had not contested their failure to satisfy § 7433(d)(1)'s exhaustion requirement, the

Court would grant the defendant's motion to dismiss pursuant to Rule 12(b)(6)).[6]

## CONCLUSION

For the foregoing reasons, the Court will dismiss all but one of plaintiffs' claims pursuant

to Rule 12(b)(1).  Plaintiffs' claim for damages under § 7433(d)(1) will be dismissed pursuant to

Rule 12(b)(6).

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: June 14, 2007

---

[6]Even if plaintiffs had alleged exhaustion of administrative remedies, which they have not, the Court would dismiss their damages claim pursuant to Rule 12(b)(6) because they fail to allege facts from which a trier of fact could conclude that "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence[,] disregard[ed] any provision" of the Internal Revenue Code or related regulations.  26 U.S.C. § 7433.